UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIBEL AYALA, DOMINICA L. O'NEILL, RICHARD A. GUZMAN, and CESAR CASTILLO,

              Plaintiffs,

-against-

PHILIP AMICONE, individually, EDMUND HARTNETT, individually, JOHN A. LISZEWSKI, individually, CITY OF YONKERS, New York, PAUL WOOD, individually, POLICE OFFICERS JOHN DOES #1 TO #20, individually, and SANITATION WORKERS #1 to #20,

              Defendants.

ECF Case

07 Civ. 7080

**ANSWER/AFFIRMATIVE DEFENSES**

**JURY TRIAL DEMANDED**

Defendants by and through their attorneys, Thacher Proffitt & Wood LLP, answer the complaint of Plaintiffs (the "Complaint") as follows:

## NATURE OF THE ACTION

1.    Deny the truth of the allegations set forth in paragraph 1 of the Complaint as they relate to the actions of the Defendants. The remaining allegations set forth in paragraph 1 of the Complaint state legal conclusions as to which no responsive pleading is required.

## JURISDICTION

2.    The allegations set forth in paragraph 2 of the Complaint state legal conclusions as to which no responsive pleading is required. Defendants respectfully refer the Court to 28 U.S.C. §§ 1331 and 1343 for their complete terms.

## THE PARTIES

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.    Admit the allegations set forth in paragraph 4 of the Complaint.

5.    Admit the allegations set forth in paragraph 5 of the Complaint.

6. Admit the allegations set forth in paragraph 6 of the Complaint.

7. Admit the allegations set forth in paragraph 7 of the Complaint.

8. Admit the allegations set forth in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

## THE FACTS

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Deny the allegations set forth in paragraph 14 of the Complaint.

15. Deny the allegations set forth in paragraph 15 of the Complaint.

16. Deny the allegations set forth in paragraph 16 of the Complaint.

17. Deny the allegations set forth in paragraph 17 of the Complaint.

18. Deny the allegations set forth in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraph 20 of the Complaint.

21. Deny the allegations set forth in paragraph 21 of the Complaint.

## AS AND FOR A FIRST CLAIM

22. In response to the allegations contained in paragraph 22 Defendants repeat and reallege their responses set forth in paragraphs 1-21 of as if fully incorporated herein.

23. Deny the allegations set forth in paragraph 23 of the Complaint.

## AS AND FOR A SECOND CLAIM

24. In response to the allegations contained in paragraph 23 Defendants repeat and reallege their responses set forth in paragraphs 1-21 of as if fully incorporated herein.

25. Deny the allegations set forth in paragraph 25 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

26. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

27. The Defendants are entitled to qualified and/or absolute immunity.

## THIRD AFFIRMATIVE DEFENSE

28. Plaintiffs lack capacity and or standing to sue.

## FOURTH AFFIRMATIVE DEFENSE

29. The Court lacks personal and/or subject matter jurisdiction.

**WHEREFORE**, Defendants respectfully request that the Court enter an order

(i) dismissing the Complaint in its entirety;

(ii) awarding the Defendants attorneys' fees and costs; and

(iii) granting Defendants any other and further relief as the Court deems just and proper.

Dated: White Plains, New York
August 27, 2007

                                         THACHER PROFFITT & WOOD LLP

                                         By: _____S/_____
                                                   Kevin J. Plunkett (KP 3049)
                                                   Darius P. Chafizadeh (DC 2720)
                                                   *Attorneys for Defendants*
                                                   50 Main Street
                                                   White Plains, NY 10606
                                                   914-421-4100

TO:    Lovett & Gould, LLP
         222 Bloomingdale Road
         White Plains, New York 10605
         (914) 428-8401